UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW BRYANT, #520017,

    Petitioner,

                                                    Civil No: 2:07-CV-14033
                                                    Honorable Marianne O. Battani
                                                    Magistrate Judge Donald A. Scheer

v.

MARY BERGHUIS,

    Respondent.
_____/

**ORDER DENYING AS MOOT PETITIONER'S "MOTION TO DISMISS
WITHOUT PREJUDICE," INTERPRETING PETITIONER'S MOTION TO
REINSTATE HABEAS PETITION AS A MOTION TO WITHDRAW
"MOTION TO DISMISS WITHOUT PREJUDICE" & GRANTING PETITIONER'S
MOTION TO WITHDRAW "MOTION TO DISMISS WITHOUT PREJUDICE"**

Petitioner, Matthew Bryant, ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner, who is currently incarcerated at Lakeland Correctional Facility in Coldwater, Michigan, challenges his conviction in a Wayne County jury trial for first-degree premeditated murder, kidnaping, two counts of assault with intent to do great bodily harm less than murder, and first-degree criminal sexual conduct. Before the Court are Petitioner's "Motion to Dismiss Without Prejudice" and his motion to reinstate the habeas petition.[1] For the reasons that follow, the dismissal motion is denied as moot, and the reinstatement motion will be interpreted as a motion to withdraw the

---

      [1]This motion is in the form of a letter, but will be interpreted by the Court as a formal motion to reinstate his habeas petition.

dismissal motion, which is granted.

Petitioner filed a motion to dismiss his habeas petition without prejudice asserting that he failed to exhaust his ineffective assistance of trial and appellate counsel claims. [Dkt. # 10]. Before the Court ruled on the motion, Petitioner filed another motion requesting the reinstatement of his habeas petition. [Dkt. # 11]. He claims that his "jail house lawyer" led him to believe that his habeas petition as filed contained unexhausted claims, thus requiring a return to the state courts and a subsequent submission of an amended habeas petition. It is Petitioner's claim that the "jail house lawyer" intentionally misled him in an attempt to monetarily profit from working with Petitioner on any subsequent habeas related pleadings. Petitioner also notes that there were typographical errors in his habeas petition and reply brief; and he asks the Court to allow him to amend those errors.[2]

Upon review of Petitioner's habeas petition and the appellate court record, he is correct that the habeas petition does not contain unexhausted claims and, therefore, it is not a mixed petition. Consequently, the Court is in a position to review the merits of each habeas claim presented in the petition.[3] Since the Court had not ruled upon Petitioner's dismissal motion, the case had not been dismissed. Therefore, logistically, Petitioner's case cannot be reinstated. Therefore, the Court will interpret Petitioner's reinstatement motion as a motion to withdraw the dismissal motion. It is clear upon review of the

---

[2] The corrections are within the text of Petitioner's reinstatement motion.

[3] Although it is true that Petitioner did not raise the unexhausted claims of ineffective assistance of trial and appellate counsel in his original habeas petition, if he desired to raise those claims, seeking dismissal of the habeas petition without prejudice or filing a motion to hold the habeas petition in abeyance are proper options to exercise in an effort to exhaust those claims and properly bring them before this Court. The Court, however, declines to review the merit of such an exercise.

reinstatement motion that Petitioner no longer desires to voluntarily dismiss his habeas petition and wants to proceed with this matter.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Dismiss Without Prejudice" [Dkt. #10] is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Petitioner's motion to reinstate the habeas petition [Dkt. #11] is interpreted as a motion to withdraw Petitioner's "Motion to Dismiss Without Prejudice" and is **GRANTED**.

s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT JUDGE

Dated: October 9, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner and counsel for the respondent.

s/Bernadette M. Thebolt
Case Manager

3